UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PARADISE HARBOR PLACE TRUST, | Case No. 2:22-CV-313 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant(s). | |

Presently before the court is Paradise Harbor Place Trust's ("Paradise") motions for a temporary restraining order (ECF No. 5) and injunctive relief (ECF No. 7). Bank of America, N.A. ("BANA") filed responses (ECF Nos. 13, 14), to which Paradise replied (ECF No. 15).

**I.   Background**

This matter arises from an impending foreclosure sale of real property located at 2601 Vendange Place, Henderson, Nevada, 89044 (the "property"), set for March 4, 2022. (ECF No. 5 at 1). In 2008, a deed of trust was recorded against the property. (ECF No. 5-3). In summer of 2012, non-party Vendange Place Trust purchased the property at a foreclosure sale for $6,350.00 and then transferred it to plaintiff Paradise for $10. (ECF Nos. 5-1; 5-2). On August 29, 2012, the deed of trust was assigned to BANA. (ECF No. 5-4).

In 2019, on another matter concerning the property where both Paradise and BANA were parties, this court held that "the homeowners association's non-judicial foreclosure sale conducted on June 8, 2012[,] did not extinguish the deed of trust, and the property located at 2601 Vendange Place in Henderson, Nevada remains subject to the deed of trust." *Bank of America, N.A. v. Madeira Canyon Homeowners' Association et al.*, Case No. 2:16-cv-00444-APG-NJK, ECF No. 86 (D. Nev. Nov. 13, 2019).

**James C. Mahan**
**U.S. District Judge**

On October 27, 2021, BANA caused a notice of default and election to cause sale of the property under the deed of trust to be recorded because no payments had been made on the deed of trust since 2010.  (*See* ECF No. 5-5).  Then, on January 31, 2022, BANA recorded a notice of trustee's sale for the property.  (ECF No. 5-6).

On January 28, 2022, Paradise brought this suit in Nevada state court asserting claims against BANA for 1) quiet title/declaratory relief, 2) slander of title, 3) fraud/misrepresentation, 4) recission, and 5) unjust enrichment.  (ECF No. 1-1).  BANA then timely removed this matter to this court.  (ECF No. 1).

Paradise now seeks a temporary restraining order and preliminary injunction enjoining any foreclosure on the property during the pendency of this case.  (ECF Nos. 5, 7).

**II.    Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition.  FED. R. CIV. P. 65(b)(1)(A).  TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment."  *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  This "sliding scale" approach dictates that when the balance of

**James C. Mahan**
**U.S. District Judge**

hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

**III.   Discussion**

Having considered the *Winter* factors, the court DENIES Paradise's motions for a temporary restraining order (ECF No. 5) and preliminary injunction (ECF No. 7); primarily because the balance of hardships is not in Paradise's favor.

Paradise argues that the balance of hardships is in its[1] favor because it may suffer irreparable harm if the sale occurs and "[n]o factor which BANA may present for holding the sale immediately, as opposed to when this litigation is concluded, does not equally fall upon [Paradise]." (ECF No. 5 at 9).  This argument is unavailing.

As Paradise is aware, this court has already held that the property was purchased subject to the deed of trust.  *See Bank of America, N.A. v. Madeira Canyon Homeowners' Association et al.*, Case No. 2:16-cv-00444-APG-NJK, ECF No. 86 (D. Nev. Nov. 13, 2019).  Yet, despite this court's holding over two years ago that the deed of trust is valid, Paradise has yet to make a payment pursuant to the deed of trust.

Though Paradise now claims that "BANA created the issue which the parties now ask this [c]ourt to address," it is Paradise who purchased the property, lost its litigation over the deed of trust, and still failed to even attempt to make payments until now (the time that it could ostensibly assert an argument that the deed was extinguished because more than ten years have passed since the underlying loan was allegedly accelerated). (*See* ECF No. 5 at 8–9).  Though Paradise argues that its failure to pay is irrelevant if the deed of trust was extinguished, it assumed the obligation to make payments years before the time it argues that the deed was extinguished.  (*See* ECF No. 15 at 8).

Paradise's arguments border on bad faith attempts to goad the court into imposing the extraordinary remedy of injunctive relief on an extreme timeline because Paradise stalled on satisfying its obligations until the risk of its default—foreclosure—was eminently upon it.

---

[1] Though, yet again, counsel argues that the equities favor "Saticoy" in light of the record.

**James C. Mahan**
**U.S. District Judge**

- 3 -

At bottom, Paradise stands to lose revenue from an investment that it has refused to pay for despite this court's judgment. Meanwhile, if the court grants injunctive relief, BANA risks suffering further losses on the debt obligation that it is owed under the deed of trust. These hardships are very similar; thus, the balance of hardships does not tip in favor of Paradise.

Therefore, even assuming that Paradise demonstrates "serious questions going to the merits,"[2] and irreparable harm,[3] it is not entitled to injunctive relief under the traditional or sliding scale approach.[4] *See Cottrell*, 632 F.3d at 1131. Accordingly, Paradise's motions are denied.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Paradise's motions for a temporary restraining order (ECF No. 5) and injunctive relief (ECF No. 7) be, and the same hereby are, DENIED.

DATED March 2, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Paradise does not demonstrate serious questions going to the merits. Its claims rest upon a phantom acceleration notice that it argues was "presumably" issued to the prior title holders because such practices were common in 2010. Yet, when the Supreme Court of Nevada addressed acceleration clauses in *Clayton v. Gardner*, it held that "acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." 813 P.2d 997, 999 (Nev. 1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[3] Real property generally does constitute irreparable harm.

[4] Even assuming it satisfied the other factors, Paradise's public policy argument is also unavailing.

**James C. Mahan**
**U.S. District Judge**

- 4 -