UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARADISE HARBOR PLACE TRUST, | Case No. 2:22-CV-313 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant(s). | |

Presently before the court is defendant Bank of America N.A.'s motion to dismiss plaintiff Paradise Harbor Place Trust's complaint. (ECF No. 25). Plaintiff filed a response (ECF No. 26), to which defendant replied (ECF No. 27).

**I.    Background**

This matter arises from a dispute regarding the foreclosure sale of real property located at 2601 Vendange Place, Henderson, Nevada, 89044 (the "property"). (ECF No. 5 at 1). In 2008, a deed of trust was recorded against the property. (ECF No. 1). In summer of 2012, non-party Vendange Place Trust purchased the property at a foreclosure sale for $6,350.00 and then transferred it to plaintiff. (ECF No. 25). On August 29, 2012, the deed of trust was assigned to defendant. (ECF No. 1).

In 2019, in another matter between these parties concerning the property, this court held that "the homeowners association's non-judicial foreclosure sale conducted on June 8, 2012[,] did not extinguish the deed of trust, and the property located at 2601 Vendange Place in Henderson, Nevada remains subject to the deed of trust." *Bank of America, N.A. v. Madeira Canyon Homeowners' Association et al.*, Case No. 2:16-cv-00444-APG-NJK, ECF No. 86 (D. Nev. Nov. 13, 2019).

**James C. Mahan**
**U.S. District Judge**

On October 27, 2021, defendant caused a notice of default and election to cause sale of the property under the deed of trust to be recorded because no payments had been made on the deed of trust since 2010. *See* (ECF No. 1). Then, on January 31, 2022, defendant recorded a notice of trustee's sale for the property. (*Id.*)

On January 28, 2022, plaintiff brought this suit in Nevada state court asserting claims against BANA for 1) quiet title/declaratory relief, 2) slander of title, 3) fraud/misrepresentation, 4) recission, and 5) unjust enrichment. (ECF No. 1-1). Defendant then timely removed this matter to this court. (ECF No. 1). Defendant now seeks to dismiss the complaint in its entirety. (ECF No. 25).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.    Discussion

Defendant moves to dismiss plaintiff's complaint for failure to state a claim.  Principally, plaintiff claims that a letter (which is neither in this court's record, nor publicly recorded in any fashion) accelerated the debt sometime in the fall of 2010.  (ECF No. 26).  Therefore, according to plaintiff, the deed of trust was presumed satisfied ten years later in fall 2020, pursuant to Nevada's ancient lien statute.  *See* Nev. Rev. Stat. § 106.240.

**James C. Mahan**
**U.S. District Judge**

Plaintiff's argument relies on a tenuous interpretation of Nevada law. It bases its contentions on a "phantom" notice of default that it does not even know with certainty exists in this case, and that this court has already addressed with skepticism. *See* (ECF No. 16 at 4, fn. 2). Because plaintiff has not, and cannot, show an affirmative recorded acceleration of the debt before the 2021 notice of default, its claims fail as a matter of law and must be dismissed, with prejudice.

"Acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991). An amorphous allegation that a general practice resulted in a letter being sent to the homeowner is nowhere near the clarity and certainty the Nevada Supreme Court requires for acceleration.

The Ninth Circuit has squarely foreclosed plaintiff's argument. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n,* No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). "[A]cceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and [] this period does not begin to run until the notice of default has been recorded." *Id* at *2. Here, there was no notice of default recorded until 2021, meaning the debt would not be extinguished under the ancient lien statute until 2031, if at all.

Thus, plaintiff's complaint must be dismissed. The debt under the deed of trust was never accelerated and plaintiff's rights to the property are not superior to defendant's. Since defendant holds a valid interest under the deed of trust, plaintiff's attendant claims for slander of title, fraud, and equitable relief must also be dismissed.

Further, plaintiff fails to state a claim for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must allege (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

**James C. Mahan
U.S. District Judge**

- 4 -

Plaintiff's claim fails on the fourth factor.  It is not inequitable for defendant to retain the conferred benefit.  Plaintiff is the record owner of the title, subject to defendant's valid deed of trust.  It has an obligation to maintain the property and to pay the necessary taxes and fees to preserve the property, and it knew of that obligation given that this court has previously determined that defendant's deed of trust was valid.  *See Bank of America, N.A. v. Madeira Canyon Homeowners' Association et al.*, Case No. 2:16-cv-00444-APG-NJK, ECF No. 86 (D. Nev. Nov. 13, 2019).  Plaintiff cannot now claim it is owed recompense for what it was legally obligated to do, nor can it claim it is owed for "improvements" it made to the property when it made those improvements voluntarily.  *See* Restatement (Third) of Restitution and Unjust Enrichment § 2 cmt. d.

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so.  Fed. R. Civ. P. 15(a)(2).  The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).  The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Id.*

Determining that plaintiff's claims fail as a matter of law, the court finds that granting plaintiff leave to amend would be futile.  There was never a recorded acceleration of the deed of trust.  Given that, plaintiff cannot state a claim for relief, and defendant holds a valid interest in the property.  The court thus dismisses the complaint in its entirety, with prejudice.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 25) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED, with prejudice.

DATED November 7, 2022.

_____
UNITED STATES DISTRICT JUDGE